**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SYLUS W. KEYS, ADC #121110                                                                    PETITIONER

5:12-cv-00013-JMM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

Sylus Keys is currently serving a 120 month sentence in the Arkansas Department of Correction (ADC). On the morning of September 9, 2011, Mr. Keys was performing his work assignment as a warehouse/freezer porter in the Tucker Unit kitchen. (Doc. No. 12-3 at 1.) A supervising corrections officer found three unopened fifty-pound bags of okra on a trailer among the trash. (*Id.*) The officer observed that the okra was still fresh enough to be eaten and notified the warden. (*Id.*) The Warden and the supervising officer questioned Mr. Keys about the okra. (*Id.*) Mr. Keys stated he threw the bags away because they were no good. (*Id.* at 12-3 at 1-4.)

The supervising officer submitted a major disciplinary report alleging that Mr. Keys had violated rules prohibiting the unauthorized use of state property, destruction or intentional misplacement of state property and failure to obey verbal or written staff orders. (*Id.* at 4.) On September 20, 2011, a disciplinary hearing was held and the hearing officer determined that Mr. Keys had violated the rules as charged. (*Id.*) Mr. Keys lost 30 days of commissary, phone, and visitation privileges, was reduced in class, and ordered to pay $448.50 in restitution. (*Id.*)

## II. DISCUSSION

After careful review of the record, the Court concludes that Mr. Keys is not entitled to habeas relief. In his Amended Complaint, Mr. Keys alleges his due process rights were violated. However, the record indicates that Mr. Keys was afforded the essential protections at all of the stages during the disciplinary process as required by *Wolf v. McDonnell*, 418 U.S. 539 (1974).

Furthermore, the sanctions imposed during the disciplinary process merely restricted Mr. Keys's commissary, phone and visitation privileges; the loss of such privileges does not implicate the loss or impairment of a liberty interest. *See Wilson-El v. Finnan*, 544 F.3d 762, 764 (7th Cir. 2008)(holding that a loss of commissary privileges did not implicate a liberty interest); *Piggie v. Cotton*, 344 F.3d 674, 676-77 (7th Cir. 2003); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(finding that an inmate does not have a liberty interest in visitation privileges); *see also Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996)("[P]risoners who challenge disciplinary rulings that do not lengthen their sentence are probably outside the habeas statute . . . .").

Additionally, inmates have no protected liberty interest in a certain prison classification. *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990). So, Mr. Keys's challenge to the reduction in class is not a sufficient basis for awarding habeas relief. Though Mr. Keys alleges he was placed on barracks arrest while the disciplinary matter was pending, there is nothing in the record to suggest that Mr. Keys is presently subject to restricted or additional confinement as a result of the disciplinary process. Without more, it cannot be said that Mr. Keys raises a cognizable federal habeas claim under 28 U.S.C. § 2254(a) in the instant case.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Keys's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED

with prejudice.

    2.    All pending motions be DENIED as moot.

DATED this <u>3rd</u> day of May, 2012.

                                                                           _____
                                                                           JOE J. VOLPE
                                                                           UNITED STATES MAGISTRATE JUDGE